UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ADRIENNE BUNDY,

    Plaintiff,

    v.                                                                            Case No. 2:24-CV-234-GSL-AZ

CHERYL STANG, et al.,

    Defendants.

## **OPINION AND ORDER**

Adrienne Bundy, proceeding pro se, wishes to sue a community health center and its supervisor, Cheryl Stang. [DE 1]. Because she is unable to pay the filing fee, she has moved for leave to proceed in forma pauperis. [DE 2]. For the following reasons, Plaintiff's claims against Cheryl Stang are dismissed with prejudice, and her claims against the Community Diagnostic Center are dismissed without prejudice. Consequently, her motion to proceed in forma pauperis is denied, but she is granted leave to refile.

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's Motion to Proceed In Forma Pauperis [DE 2] establishes that she is unable to prepay the filing fee. However, before Plaintiff's case may proceed, the Court must examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Wartman v. Branch 7, Civ. Div., Cnty. Ct., Milwaukee Cnty., State of Wisconsin*, 510 F.2d 130 (7th Cir. 1975); 28 U.S.C. § 1915(e)(2)(B).

### A. Cheryl Stang

In *Neitzke v. Williams*, the Supreme Court said that a complaint is frivolous under § 1915(e)(2)(B)(i), formerly § 1915(d), when it lacks "an arguable basis either in law or in fact." 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it rests on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 326. For example, it is frivolous to assert a claim rooted in a nonexistent legal interest. *Id.* at 327. Bringing a set of claims to a court that is without the power to grant relief on those claims is another example.

In April 2021, Plaintiff arrived at the Community Diagnostic Center in Munster, Indiana, for a scheduled mammogram. [DE 1-1].[1] Defendant Stang, the supervisor of the Center, asked Plaintiff to wear a facemask in accordance with the Center for Disease Control's COVID-19 guidelines. [*Id.*]. Plaintiff refused because it was against her religion, as a Christian, to wear one. [*Id.*]. Plaintiff elaborates in her complaint: "The Bible (Jesus) says, 'Do not add or subtract anything to the Word or God will remove that person's share in the tree of life and in the holy city that are described in this book.'" [*Id.*]. Defendant Stang called the police, who upon arrival said that Plaintiff could not be refused treatment. [*Id.*]. As a result, she was placed in a waiting room by herself, though it is unclear if she saw a doctor. [*Id.*]. Plaintiff says her noncompliance with the mask mandate did not affect the Center, and that this was "proof that Christians don't get the Death Plague . . . because Death Plagues only come for people in sin[.]" [*Id.*].

In November 2022, Plaintiff again was told she needed to wear a mask in order to participate in a scheduled CT scan. [DE 1-1]. She refused to wear one, and she contends that this refusal of service was based on race and religion. [*Id.*]. Plaintiff left after staff members called

---

[1] Plaintiff is pro se, so it would be overly stringent to hold her to the standards of a pleading drafted by a lawyer. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). So, the Court considers all materials as part of the complaint, which includes Exhibit A [DE 1-1].

the police. [*Id.*]. In December 2022, Plaintiff arrived for a mammogram. [*Id.*]. She refused to wear a mask, and the police were called. [*Id.*]. She says that Stang purposefully scheduled Plaintiff's appointments at the Community Diagnostic Center to entrap her into being arrested. [*Id.*]. Plaintiff claims that this action by Stang, as well as Stang adding notes to Plaintiff's file that Plaintiff is verbally abusive, led to Plaintiff's doctor dropping her as a patient. [*Id.*]. Finally, Plaintiff believes that Stang orchestrated both 2022 incidents in retaliation for what happened in April 2021. Based on these facts, Plaintiff claims that she was (1) discriminated against based on race and religion under Title VI of the Civil Rights Act, (2) harassed by Stang, (3) defamed by Stang, and (4) the victim of emotional distress inflicted by Stang. [DE 1].

This Court follows the Supreme Court's direction that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Even so, the maxim that federal courts are "courts of limited jurisdiction" applies to all litigants. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). One such limitation comes from the *Rooker-Feldman* doctrine, which says that lower federal courts do not have subject matter jurisdiction to review state court civil decisions. *See Edwards v. Illinois Bd. of Admissions to Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (citations omitted). Federal courts are obligated to "inquire into the existence of [such] jurisdiction *sua sponte*." *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

This is not Plaintiff's first time trying to litigate this matter. In fact, she twice attempted to litigate it in Lake County Small Claims Court. The first time, when it was transferred to the Plenary Court, she withdrew the case. *See Bundy v. Stang and Women's Diagnostic Center Munster*, Case No. 45D12-2305-SC-002368 (Super. Ct. Lake Cnty. Ind. Nov. 11, 2023). The

second time, after transfer to the Plenary Court, Defendant Stang moved for a more definite statement. *Bundy v. Stang*, Case No. 45D07-2401-PL-000033 (Super. Ct. Lake Cnty. Jan. 19, 2024). In response, Plaintiff filed a more detailed statement of her claim titled, "Exhibit A." *Bundy v. Stang*, Case No. 45D07-2401-PL-000033 (Super. Ct. Lake Cnty. Mar. 18, 2024). Defendant Stang's ensuing motion to dismiss for failure to state a claim was granted, and the case was dismissed with prejudice. *Bundy v. Stang*, Case No. 45D07-2401-PL-000033 (Super. Ct. Lake Cnty. May 20, 2024).

"Exhibit A," which served as Plaintiff's complaint in state court, is the *exact* same as the Exhibit A before the Court today. *Compare Bundy v. Stang*, Case No. 45D07-2401-PL-000033 (Super. Ct. Lake Cnty. Mar. 18, 2024) and [DE 1-1]. For that reason, the Court takes judicial notice of the state court Exhibit A and the Lake County Court's decision to dismiss Plaintiff's claims in that case.[2] By filing claims in federal court that were already adjudicated in state court, Plaintiff is essentially seeking review of the state court decision. Under *Rooker-Feldman*, this Court does not have the subject matter jurisdiction to hear such a case. Therefore, Plaintiff's claims against Cheryl Stang are dismissed with prejudice under § 1915(e)(2)(B)(i) because without subject matter jurisdiction, Plaintiff's claims lack an arguable basis in the law before *this* Court, making the claims frivolous. In deciding on these grounds, the Court does not analyze whether res judicata or collateral estoppel apply, though they likely would. The Court also does not evaluate whether the factual allegations were sufficiently plead.

---

[2] Federal Rule of Evidence 201 allows the Court to take judicial notice, on its own, of a fact that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Orders entered by a state court are public records that are appropriate subjects of judicial notice. *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (citations omitted).

### B. Community Health Center

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). For federal courts to have jurisdiction over claims, the claims must either (1) arise under the Constitution or implicate federal law, or (2) there must be diversity jurisdiction, i.e., no plaintiff or defendant is a citizen of the same state, and the claimed damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); 28 U.S.C. § 1332(a).

As far as the Court can tell, Plaintiff's claims against the Community Diagnostic Center hinge on the Center's use of Center for Disease Control mask guidelines as a pretext for denial of services based on race or religious belief, or both. [DE 1]. Plaintiff asserts that the Court has jurisdiction over the matter because such action by the Diagnostic Center would violate Title VI of the Civil Rights Act, and the Center receives federal funding for healthcare programs. [*Id.*].

#### 1. Religious Discrimination

Title VI says that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Missing from this list, is religious discrimination, which his not covered by Title VI. *See*

*Azami v. Sterlion Retail Services, Inc.*, 2023 WL 3093452, *2 (N.D. Ill. Apr. 26, 2023) (citing *Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 850 (N.D. Ill. Mar. 29, 2021), *aff'd sub nom, Beaulieu v. Ashford Univ., LLC*, 2022 WL 17076691 (7th Cir. Nov. 18, 2022) (citations omitted)). Because Title VI does not cover religious discrimination, Plaintiff has failed to state a claim. Thus, her claims against the Community Diagnostic Center for religious discrimination are dismissed without prejudice.

### 2. Racial Discrimination

Plaintiff also alleges the Community Diagnostic Center's mask mandate was racially discriminatory. [DE 1]. Race *is* covered by Title VI. To state a claim for racial discrimination under Title VI, a plaintiff must allege that (1) she was intentionally discriminated against on the grounds of race, and (2) the defendants are recipients of federal financial assistance. *Khan v. Midwestern Univ.* 147 F.Supp.3d 718, 720 (N.D. Ill. Nov. 30, 2015). Though Plaintiff alleged that the Community Diagnostic Center is federally funded, she has not adequately alleged *intentional* racial discrimination. Her allegations of intent "are the sort of conclusory allegations that are insufficient under *Iqbal*." *Id.* (citing *McReynolds v. Merrill Lynch*, 694 F.3d 873, 886 (7th Cir. 2012)). In fact, the Court is unable to tell from the Complaint and Exhibit A the race of the parties involved, and there does not appear to be anything more than threadbare legal conclusions asserting that Plaintiff was discriminated on based on her race. There must be something more. For these reasons, Plaintiff's claims of racial discrimination under Title VI are dismissed without prejudice.

**<u>Conclusion</u>**

Accordingly, Plaintiff's Complaint [DE 1] is **DISMISSED**. Specifically, Plaintiff's claims against Defendant Cheryl Stang are **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and Plaintiff's claims against Community Diagnostic Center are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Consequently, her Motion to Proceed In Forma Pauperis [DE 2] is **DENIED**. Plaintiff has until December 17, 2024, to file an amended complaint and to refile her Motion to Proceed In Forma Pauperis. If Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff. The Court encourages Plaintiff to use the Court's Civil Complaint Form when filing her amended complaint. *See* Civil Complaint Form (INND Rev. 4/24), https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf.

SO ORDERED.

ENTERED: November 19, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court